IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RAYMOND BAROLDY-ROMO, on behalf of himself and those similarly situated<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN AUTO DETAIL, LLC, A Domestic Limited Liability Company, and AVIS BUDGET GROUP, INC. d/b/a AVIS RENT A CAR SYSTEM, LLC, A Foreign Limited Liability Company,<br><br>Defendants. | CIVIL ACTION FILE NO.:<br><br>**JURY TRIAL DEMANDED** |

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, RAYMOND BAROLDY-ROMO ("Plaintiff"), hereby files this Complaint against Defendants, SOUTHERN AUTO DETAIL, LLC, and AVIS BUDGET GROUP, INC. d/b/a AVIS RENT A CAR SYSTEM, LLC (collectively "Defendants") and states as follows:

**NATURE OF THE ACTION**

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that he is: (i) entitled to unpaid wages from Defendants for overtime work for which he did not receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et*

*seq*; (iii) entitled to reasonable attorneys' fees and costs pursuant to the FLSA; and (iv) entitled declaratory relief pursuant to 28 U.S.C. §2201.

## JURISDICTION

2. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter called the "FLSA") to recover unpaid back overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

3. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §201, *et seq.* (the "FLSA").

## PARTIES

4. At all times material hereto, Plaintiff worked for Defendants in Fulton County, Georgia.

5. At all times material hereto, Plaintiff worked as a driver and performed related activities for Defendants in Fulton County, Georgia.

6. At all times material hereto SOUTHERN AUTO DETAIL, LLC was a Domestic Limited Liability Company, doing business in Fairburn (Fulton County), Georgia.

7. At all times material hereto AVIS BUDGET GROUP, INC. d/b/a AVIS RENT A CAR SYSTEM, LLC, was a Foreign Limited Liability Company

doing business in College Park (Fulton County), Georgia.

8. SOUTHERN AUTO DETAIL, LLC is an automobile detailing company, providing detailing services to its clients in the Atlanta Metropolitan area, including AVIS BUDGET GROUP, INC.

9. AVIS BUDGET GROUP, INC. d/b/a AVIS RENT A CAR SYSTEM, LLC is a leading provider of mobility solutions, providing car rental services.

10. At all times material hereto Defendants have and continue to have substantial business operations in Fulton County, Georgia.

## **COVERAGE**

11. At all times material hereto Plaintiff was jointly employed by Defendants within the meaning of FLSA.

12. Plaintiff was hired by Defendants to perform duties as a driver for SOUTHERN AUTO DETAIL, LLC and AVIS BUDGET GROUP, INC. d/b/a AVIS RENT A CAR SYSTEM, LLC in Fulton County, Georgia.

13. Throughout his employment, Plaintiff performed work on behalf of both Defendants.

14. At all times material hereto, Defendants both directed the day to day duties of Plaintiff and those similarly situated and assigned him his work duties.

15. At all times material hereto, Defendants were employers of Plaintiff within the meaning of FLSA.

16. Defendants were, and continue to be, an "employer" within the meaning of FLSA.

17. At all times material hereto, Defendants were, and continue to be, "an enterprise engaged in commerce" within the meaning of FLSA.

18. At all times material hereto, each of the Defendants was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

19. At all times material hereto, each of the Defendants was, and continues to be, an enterprise engaged in the "production of good for commerce" within the meaning of the FLSA.

20. Based upon information and belief, the annual gross revenue of SOUTHERN AUTO DETAIL, LLC was in excess of $500,000.00 per annum during the relevant time periods.

21. Based upon information and belief, the annual gross sales or revenue of AVIS BUDGET GROUP, INC. d/b/a AVIS RENT A CAR SYSTEM, LLC was in excess of $500,000.00 per annum during the relevant time periods.

22. Each Defendant had annual gross sales or business in excess of $500,000.00 during the relevant time periods.

23. Defendants' combined annual gross revenue was in excess of $500,000 per annum during the relevant time periods.

24. At all times material hereto, all of the Defendants simultaneously operated in two (2) or more states.

25. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including office equipment, computers, telephones, automobiles, and other tools and materials necessary for the work they performed.

26. At all times material hereto, each Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including office equipment, computers, telephones, automobiles, and other tools and materials necessary for the work they performed.

27. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA, because he drove Defendants' vehicles in and out of state on a regular and frequent basis as part of his job duties while employed by Defendants, and regularly transported such vehicles on interstate highways as well.

28. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

## STATEMENT OF FACTS

29. SOUTHERN AUTO DETAIL, LLC is an automobile detailing company, providing detailing services to its clients in the Atlanta Metropolitan area.

30. AVIS BUDGET GROUP, INC. d/b/a AVIS RENT A CAR SYSTEM, LLC is a leading provider of mobility solutions, providing car rental services.

31. Plaintiff was hired by Defendants and exclusively performed duties as a driver for both Defendants, transporting and detailing cars on behalf of Defendants.

32. Plaintiff was jointly employed by Defendants as a driver at all times relevant hereto, and performed the standardized duties of Defendants' driver position throughout his employment.

33. Plaintiff worked in this capacity from approximately June 2016 through April 17, 2017.

34. Plaintiff was paid an hourly rate of pay of eight dollars ($8.00) per hour upon hire, and received an increase to ten dollars ($10.00) per hour in approximately September 2016.

35. Plaintiff routinely worked more than forty (40) hours per week within a work week during several weeks of employment.

36. In fact, Plaintiff often worked more than forty-five (45) hours per week throughout his employment with Defendants.

37. Plaintiff drove vehicles that belonged to Defendant AVIS BUDGET GROUP, INC. d/b/a AVIS RENT A CAR SYSTEM, LLC.

38. Plaintiff drove Defendant AVIS BUDGET GROUP, INC. d/b/a AVIS RENT A CAR SYSTEM, LLC's vehicles in and out of state.

39. Plaintiff clocked in and out of work at Defendant AVIS BUDGET GROUP, INC. d/b/a AVIS RENT A CAR SYSTEM, LLC's locations.

40. Plaintiff followed instructions from a representative of AVIS BUDGET GROUP, INC. d/b/a AVIS RENT A CAR SYSTEM, LLC throughout his employment.

41. The AVIS BUDGET GROUP, INC. d/b/a AVIS RENT A CAR SYSTEM, LLC representative controlled when Plaintiff began his job, which route(s) he would drive, and which cars he would drive.

42. Plaintiff also followed instructions from a representative of SOUTHERN AUTO DETAIL, LLC.

43. The SOUTHERN AUTO DETAIL, LLC representative had the power to hire/fire Plaintiff, and controlled Plaintiff's rate and frequency of pay.

44. Plaintiff worked for Defendants without being paid the correct overtime premium rate of time and one-half his regular rate of pay for all hours worked in excess of forty (40) hours within a work week.

45. Specifically, Defendants paid overtime hours worked in excess of

forty (40) hours within a work week at the regular rate of pay for all hours.

46. Defendants were aware of the overtime hours worked.

47. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, are in the possession and custody of the Defendants.

48. Defendants have violated Title 29 U.S.C. §207 in that:

   a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

   b. No payments or insufficient payments, or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times his regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

   c. Defendants have failed to maintain proper time records as mandated by the FLSA.

49. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

50. Plaintiff re-alleges and re-avers paragraphs 1 through 49 of the

Complaint as if fully set forth herein.

51. From approximately June 2016 through April 17, 2017, Plaintiff worked in excess of the forty (40) hours per week, in virtually every workweek, for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

52. Plaintiff is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours.

53. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

54. Defendants' actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by its continued failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

55. Defendants have failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

56. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

57. Plaintiff is entitled to an award of reasonable attorney's fees and costs

pursuant to 29 U.S.C. §216(b), in addition to his unpaid wages and liquidated damages.

**WHEREFORE**, Plaintiff, RAYMOND BAROLDY-ROMO, demands judgment against SOUTHERN AUTO DETAIL, LLC, and AVIS BUDGET GROUP, INC. d/b/a AVIS RENT A CAR SYSTEM, LLC, for the payment of all unpaid wages, overtime hours at time and one-half the regular rate of pay for the hours worked by him for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted this **3rd** day of **November, 2017**,

*/s/ Andrew R. Frisch*
Andrew R. Frisch
GA Bar No. 366105
Morgan & Morgan, P.A.
600 N Pine Island Road, Suite 400
Plantation, FL 33324
T: (954) WORKERS
F: (954) 327-3013
Email: AFrisch@forthepeople.com

*Counsel for Plaintiff*